UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GLOBAL DME, INC.

                      Plaintiff,

         -against-

XAVIER BECERRA, in his official capacity as Secretary,
United States Department of Health and Human Services,
CHIQUITA BROOKS-LASURE, in her official capacity
as Administrator, Centers for Medicare and Medicaid
Services, HUMANA INC., HUMANA INSURANCE
COMPANY, HUMANA HEALTH PLAN, INC.,

                      Defendants.
-----------------------------------------------------------------------X

Case No: 1:21-cv-10557

**VERIFIED COMPLAINT**

Plaintiff, by their attorneys, Sinayskaya Yuniver, P.C., as and for a Verified Complaint herein, respectfully sets forth and alleges the following upon information and belief, unless stated otherwise:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff against the Defendants for their unjust enrichment and other violations of law. Additionally, Plaintiff brings this lawsuit because there is a statute clear on its face and in its intents, and Defendants' efforts to deny Plaintiff its statutory rights, have resulted in financial loss to Plaintiff.

## PARTIES

2. That at all times hereinafter mentioned, Plaintiff, Global DME, Inc. (hereinafter "Plaintiff") is a New York organization, with its principal place of business located at 262 West 38th Street, Suite 1404, New York, New York 10018.

3. Defendant Xavier Becerra, Secretary ("Secretary") of the United States Department of Health and Human Services ("HHS") is the federal official responsible for administering the

Medicare Program. References to the Secretary herein are meant to refer to him, his subordinates, his official predecessors or successors, and the Department and its components that he oversees, as the context requires.

4. Chiquita Brooks-LaSure is Administrator ("Administrator"), Centers for Medicare & Medicaid Services ("CMS"). CMS is an agency within HHS, delegated by the Secretary with responsibility for the day-to-day administration of the Medicare program. References to the Administrator herein are meant to refer to her, her subordinates, her official predecessors or successors, and the CMS agency and its components that she oversees, as the context requires.

5. Upon information and belief, at all times hereinafter mentioned Humana, Inc. (hereinafter "Defendant Humana") was and still is a corporation established under the laws of Delaware, and authorized to do business within the State of New York and maintains its principal place of business at Louisville, Jefferson County, Kentucky.

6. Upon information and belief, at all times hereinafter mentioned Humana Insurance Company (hereinafter "Defendant Humana Insurance") was and still is a corporation established under the laws of Wisconsin and authorized to do business within the State of New York and maintains its principal place of business at Louisville, Jefferson County, Kentucky.

7. Upon information and belief, at all times hereinafter mentioned, Humana Health Plan, Inc. (hereinafter "Defendant Humana Health Plan") was and still is a corporation established under the laws of Kentucky and authorized to do business within the State of New York and maintains its principal place of business at Louisville, Jefferson County, Kentucky.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act); 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1332 (diversity

jurisdiction) as the amount in controversy exceeds the sum of $75,000 and the Parties are all citizens of different states; 28 U.S.C. § 1361 (jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff") 28 U.S.C. §§ 2201-2202 (declaratory judgments); and 42 U.S.C. §§ 1395 *et seq.* (the Medicare Act).

9. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(e)(1)(B). A substantial part of the events giving rise to this action took place within the jurisdiction of this court.

## SUMMARY OF THE ACTION

10. This action arises out of the Defendants' Humana, Humana Insurance, and Humana Health Plans (hereinafter collectively referred to as "Defendants Humana") knowing and/or reckless breaches of federal law and regulations, and unjust enrichment at the expense of Plaintiff. As a result of the breaches, the Plaintiff has been damaged in an amount which will be determined by this Court, but which is believed to be in excess of Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49).

11. The Defendants Humana engaged in unauthorized and illegal acts including, but not limited to: unjust enrichment.

12. Upon information and belief, with and through further discovery, numerous instances of Humana's unjust enrichment at the expense of Plaintiff will be revealed.

13. Additionally, upon information and belief, Defendants Secretary and Administrator of HHS and CMS, respectively, have allowed for the unlawful administration and application of its regulatory scheme to unjustly enrich the Defendants Humana, and cause Plaintiff financial loss in violation of the Medicare Act and Administrative Procedure Act.

## MATERIAL FACTUAL ALLEGATIONS

14. Ranging from January 2020 to January 2021, Defendants Humana provided coverage to numerous patients of various medical providers, who would use their insurance coverage to order and receive Plaintiff's durable medical equipment (hereinafter referred to as "DME").

15. As a DME provider, Plaintiff provided its patients with items such as hinged knee braces, suspension sleeves, back braces, etc.

16. Ranging from January 2020 to January 2021, Defendants Humana conducted an internal audit and sent out letters to Plaintiff indicating that coverage should not have been provided, based on the fact that there is no proof of the patients physically receiving consultations by the physicians.

17. Plaintiff, as a DME provider, is not responsible for how physician's schedule their appointments with patients and is not privy to the internal policies of doctor's offices, nor are DME providers responsible for ascertaining and referring to physician's internal policies in the submission of its claims to insurance providers, such as the Defendants Humana.

18. According to the Department of Health and Human Services - Centers for Medicare & Medicaid Services, Section 42 CFR Parts 400, 405, 409, 410, 412, 415, 417, 418, 421, 422, 423, 425, 440, 482, and 510 [CMS-1744-IFC] (available at https://www.cms.gov/files/document/covid-final-ifc.pdf) it is clearly stated that:

> Medicare beneficiaries needed flexibilities to respond effectively to the serious public health threats posed by the spread of the 2019 Novel Coronavirus (COVID-19). Recognizing the urgency of this situation, and understanding that some pre-existing Medicare payment rules may inhibit innovative uses of technology and capacity that might otherwise be effective in the efforts to mitigate the impact of the pandemic on Medicare beneficiaries and the American public, we are changing Medicare payment rules during the Public Health Emergency (PHE) for the COVID-19 pandemic so that physicians and other practitioners, … are allowed broad flexibilities to furnish services using remote …

> communications technology to avoid exposure risks to health care providers, patients, and the community.... National Coverage Determinations (NCDs) are determinations by the Secretary with respect to whether or not a particular item or service is covered nationally under Title XVIII. Local Coverage Determinations (LCDs) are determinations by a Medicare Administrative Contractor (MAC) with respect to whether or not a particular item or service is covered under section 1862(a)(1)(A) of the Act in the particular MAC's geographical areas. Articles are often published alongside LCDs and contain coding or other guidelines that complement an LCD. NCDs and LCDs contain clinical conditions a patient must meet to qualify for coverage of the item or service. Some NCDs and LCDs may also contain requirements for face-to-face, timely evaluations or re-evaluations for a patient to initially qualify for coverage or to qualify for continuing coverage of the item or service. These requirements are more often present in NCDs and LCDs for durable medical equipment than for other items and services. 1. Face-to-face and In-person Requirements For the duration of this PHE for the COVID-19 pandemic, it is in the best interest of patients, health care professionals and suppliers to limit face-to-face encounters and avoid exposure of vulnerable Medicare beneficiaries to COVID-19. Therefore, on an interim basis, we are finalizing that to the extent an NCD or LCD (including articles) would otherwise require a face-to-face or in-person encounter for evaluations, assessments, certifications or other implied face-to-face services, those requirements would not apply during the PHE for the COVID-19 pandemic."

*Id.*

19. Plaintiffs have no control over the operations of the physicians used by patients, and do not interfere with their forms of consultations.

20. Plaintiffs upon information and belief are under the impression that all consultations have been conducted following legal guidelines set by law.

21. Defendants Humana proceeded to retroactively deny all further DME claims from the aforementioned time period that Plaintiffs had fulfilled and were subject to coverage.

22. On various dates throughout 2020 and 2021, Plaintiff sent out appeals to the Defendants Humana requesting a formal investigation and re-evaluation of the insurance claims that had been denied by Defendants Humana.

23. In the months that followed, Defendants Humana indicated to Plaintiff that its appeals were largely denied for most of the claims Plaintiff submitted for reconsideration.

24. Based on these initial denials, Defendants Humana forwarded these appeals to a Qualified Independent Contractor for CMS, Maximus Federal, which reviewed many of Plaintiff's appeals on behalf of CMS, and thus HHS as well.

25. After reviewing these appeals, Maximus Federal would go on to deny most of them, which in total amounted to no less than $398,683.49 in unpaid denied claims.

26. Upon information and belief, Plaintiff has provided Defendants Humana, along with CMS, and by extension HHS, with medical records from medical providers including: clinical summaries, order forms, fully executed prescriptions, delivery and package tracking information, billing information, and other documents that have indicated the medical necessity of the goods provided to the patients, and that said goods were actually provided.

27. As of the present date, Defendants Humana have failed to pay Plaintiff after numerous demands to the Defendants Humana requesting payment.

28. Moreover, the decision to not find in favor of Plaintiff, stands in contravention to the law, and thus, the administrative decisions of CMS and by extension HHS, were wrongfully decided.

29. Plaintiff's administrative remedies have been exhausted.

30. As a result of the foregoing acts, the Plaintiff has been damaged in amounts to be determined at trial, but which are believed to be more than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49).

31. At the time this action was initiated, and at all relevant times prior thereto up until the present, the Defendants have not compensated Plaintiff for the services and goods provided to Defendants' enrollees.

32. As a direct and proximate result of the Defendants' Humana breaches, the Plaintiff has suffered damages as is set forth herein.

33. Further, Plaintiff has suffered and will continue to suffer irreparable injury by reason of the unlawful administration of the policies of the Secretary and Administrator, which resulted in Plaintiff's monetary losses, and the Defendants' unjust enrichment.

34. Because Plaintiff has no truly adequate remedy at law, only the monetary, declaratory, injunctive, and mandamus relief that this Court can provide will prevent the harm Plaintiff has suffered and will continue to suffer.

35. Plaintiff has a clear right to this relief sought. There is no other adequate remedy to correct the Secretary and Administrator's unlawful application of its regulatory scheme. The Secretary and Administrator have breached a plainly defined statutory, nondiscretionary duty to administer the Medicare program in conformity with law and precedent including reviewing and overturning Defendants' Humana actions and decisions.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Unjust Enrichment)

36. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

37. Defendants' acts described above constitute unjust enrichment in that Defendants have retained the benefits of Plaintiff's services without just compensation.

38. Upon information and belief, Defendants are the sole beneficiaries of these unlawfully and improperly retained fees.

39. Upon information and belief, as a result of the acts and omissions plead herein, Defendants have been unjustly enriched in an amount to be determined, but in no event less than

Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49).

40. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined, but in no event less than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49).

## AS AND FOR THE SECOND CAUSE OF ACTION
**(Violation of General Business Law §349 as against Defendants Humana)**

41. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

42. Pursuant to General Business Law Section §349 of the State of New York, Defendants Humana are prohibited from engaging in deceptive acts and practices in the conduct of their business or in the furnishing of any service in the State of New York.

43. Defendants Humana's acts described above constitute violations of the state law because Defendants Humana have engaged in deceptive acts and practices in violation of General Business Law §349.

44. Defendants Humana's actions have not only caused injury to Plaintiff, but also have the potential of causing harm to the public at large.

45. Due to the willful and wanton nature of the Defendants Humana's acts, the need to both deter such conduct in the future and prevent public harm, Plaintiff demands compensatory damages, in the amount of Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49), in addition to, punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), and an award of attorneys' fees as authorized by General Business Law §349.

## AS AND FOR THE THIRD CAUSE OF ACTION

### (Quantum Meruit as against Defendants Humana)

46. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

47. Plaintiff performed all services required of it in good faith and with the expectation of payment by Defendants Humana.

48. Defendants Humana accepted the services proffered by Plaintiff.

49. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding but are in no event less than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49).

### AS AND FOR THE FOURTH CAUSE OF ACTION
### (Violation of the Medicare Statute)

50. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

51. Defendants Humana by their rejections of the underlying claims have violated the statutes and rules governing Medicare.

52. Defendants Secretary and Administrator by their actions and inaction have allowed Defendants Humana and the designated Qualified Independent Contractor to violate the statutes and rules governing Medicare.

53. Plaintiff has resultantly been denied its entitlements to restitution for providing services and goods to Medicare recipients.

54. Secretary and Administrator's administration of HHS and CMS's regulatory scheme and policies resulted in Defendants Humana being unjustly enriched by their unlawful conduct in violation of the Medicare Statute.

55. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding but are in no event less than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49). Plaintiff is additionally entitled to declaratory relief in the form of an order from this Court overturning the administrative determinations made on the underlying claims and finding that Plaintiff is entitled to compensation on said claims. Alternatively, Plaintiff is entitled to declaratory relief in the form of an order from this Court directing the Secretary and Administrator to review the underlying claims de novo via their Office of Medicare Hearing and Appeals. Plaintiff is also entitled to relief in the form of an injunctive order against all Defendants prohibiting them from denying Plaintiff restitution on the basis of Plaintiff failing to provide additional proof of health care providers seeing patients prior to prescribing DME as the proof already submitted in the underlying claims is sufficient.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Violation of the Administrative Procedure Act (5 U.S.C. § 701 et seq.))

56. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

57. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to

be determined during the course of this proceeding but are in no event less than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49). Plaintiff is additionally entitled to declaratory relief in the form of an order from this Court overturning the administrative determinations made on the underlying claims and finding that Plaintiff is entitled to compensation on said claims. Alternatively, Plaintiff is entitled to declaratory relief in the form of an order from this Court directing the Secretary and Administrator to review the underlying claims de novo via their Office of Medicare Hearing and Appeals. Plaintiff is also entitled to relief in the form of an injunctive order against all Defendants prohibiting them from denying Plaintiff restitution on the basis of Plaintiff failing to provide additional proof of health care providers seeing patients prior to prescribing DME as the proof already submitted in the underlying claims is sufficient.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1) Declare the Secretary and Administrator's administration of its regulatory scheme and policies as applied to Plaintiff to have violated the Medicare Act and the Administrative Procedure Act.

2) Grant a permanent injunction, an order of mandamus, or both, prohibiting Defendants, their successors in officer, agents, and employees, and all persons acting in concert with all of the Defendants, from applying the unlawful regulatory scheme and policies to deny Plaintiff's claims.

3) The issuance of an Order directing the Defendants to account for all sums they have received from the Plaintiff, and directing them to pay for all damages the Plaintiff has suffered as a result of the Defendant's improper and wrongful acts, and directing them not to deny coverage for

substantially similar claims from Plaintiff for the period of time in which patients are and were allowed to consult physicians without a face-to-face meeting;

4) Awarding damages against the Defendant in an amount to be determined at trial but not less than Three Hundred Ninety-Eight Thousand, Six Hundred Eighty-Three Dollars and 49/100 ($398,683.49);

5) Maintain jurisdiction over this matter to ensure Defendants comply with the terms of this Court's Order;

6) Costs and disbursements of the within action as well as attorneys' fees incurred in connection therewith;

7) Punitive damages as are provided for under the law;

8) Such other and further relief in favor of the Plaintiff as the Court deems just and proper.

Dated: November 18, 2021
      Brooklyn, NY

Yours etc.,

/s/ Steven Yuniver
Steven Yuniver, Esq.
SINAYSKAYA YUNIVER, P.C.
710 Avenue U
Brooklyn, NY 11223
t: (718) 402-2240
f: (718) 305-4571
steven@sypcl.com